**FIDELITY BANK**  *  NO. 2020-CA-0241

**VERSUS**  *

*  COURT OF APPEAL

**THE SUCCESSION OF**  *
**GERALDINE O. DOWDEN**  FOURTH CIRCUIT

*

STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-01204, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany G. Chase, Judge Dale N. Atkins)

Frank J. DiVittorio
Patrick K. Reso
John D. Miranda
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM & HAYES
111 North Oak Street, Suite 200
Hammond, LA 70401

COUNSEL FOR PLAINTIFF/APPELLEE

Coreygerard Dowden
7831 Brevard Avenue
New Orleans, LA 70127

APPELLANT

**SECOND APPLICATION FOR REHEARING REFUSED**
**JANUARY 20, 2021**

*DNA*
*PAB*
*TGC*

In this executory proceeding, Appellant, Coreygerard Dowden, appealed the trial court's July 19, 2019 judgment which denied Appellant's petition for preliminary injunction to halt the petition of Appellee, Fidelity Homestead Savings Bank ("Fidelity"), to seize and sell immovable property to satisfy an unpaid promissory note and mortgage. In its October 7, 2020 Opinion, this Court discussed the factual and procedural background of this matter and dismissed the appeal for lack of jurisdiction. *See Fidelity Bank v. Succession of Dowden*, 2020-0241, 2020 WL 5939215 (La. App. 4 Cir. 10/7/20). Thereafter, on October 20, 2020, Appellant filed an application for rehearing, which this Court denied on October 29, 2020. When this Court denied Appellant's first application for rehearing, we did not grant Appellant the right to apply for another rehearing, pursuant to Uniform Rules, Courts of Appeal, Rule 2-18.6.

On December 14, 2020,[1] Appellant filed an "Application for Writ of Supervisory Review," again seeking reversal of the trial court's July 19, 2019 judgment. Though styled as a writ application, in substance, the pleading is a second application for rehearing of his appeal. This Court will not consider a

---

[1] Prior to filing his pleading with this Court, Appellant filed a writ with the Louisiana Supreme Court on November 30, 2020.

1

repetitive application for rehearing on an appeal that we have already considered and dismissed. *See Levert v. Berthelot*, 127 La. 1004, 54 So. 329 (1910) ("A decree on rehearing being final when rendered, an application for a second rehearing cannot be entertained, unless the decree contains a reservation for such application").

Accordingly, Appellant's second application for rehearing is refused.

## DECREE

For the foregoing reasons, Appellant's second application for rehearing is refused.

**SECOND APPLICATION FOR REHEARING REFUSED**